

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEROY ANTONIO EVANS, #357283
    Petitioner,

v.

ACTION NO.
2:09cv433

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Leroy Antonio Evans ("Evans"), a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 6, 2006 convictions, pursuant to a guilty plea, by the Circuit Court for the City of Norfolk for murder and use of a firearm in the commission of a murder. Evans was sentenced to an active term of sixty-four years and one month incarceration. Evans did not file a direct appeal of his convictions.

On July 1, 2008, Evans filed a petition for writ of coram vobis in the Circuit Court for the City of Norfolk, which was denied on October 20, 2008. On April, 27, 2008, Evans filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed as untimely on

June 30, 2009.

Evans, presently in the custody of the Virginia Department of Corrections at the Sussex I State Prison in Waverly, Virginia, filed this federal habeas petition on September 1, 2009. Evans asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied the effective assistance of counsel in several respects. On October 15, 2009, the Respondent filed a Rule 5 Answer and Motion to Dismiss. Evans filed his response to the Motion to Dismiss on October 29, 2009. Accordingly, this matter is now ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

Evans' claims are simultaneously exhausted and defaulted and should be dismissed because he never properly presented any of his claims to the Virginia Supreme Court. *See* 28 U.S.C. § 2254(b) (2009). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Evans failed to appeal the denial of his petition for a writ of coram vobis to the Virginia Supreme Court. Moreover, his petition for a writ of habeas corpus in the Virginia Supreme Court was found by that Court to be time barred. [State. Habeas Pet.]. Further, Evans would not now be able to return to state court to properly exhaust his claims. *See* VA. CODE § 8.01-654(B)(2) (prohibiting successive petitions); VA. CODE § 8.01-654(A)(2)(establishing limitations period for habeas petitions). Thus,

where an adequate and independent state procedural rule would bar review, the claim is simultaneously exhausted and defaulted; and a federal court should not review a claim that is procedurally defaulted. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

## B. Statute of Limitations

Additionally, Evans' claim is barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . . 28 U.S.C. § 2244(d)(1) (2009).

Thus, Evans' limitations period began to run on the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Evans' sentencing order was entered in the trial court on February 6, 2006. [Ex. "A" State Habeas Pet.]. Evans did not file an appeal, therefore, his limitations period began to run on March 8, 2006, the date on which his convictions became final by the expiration of time to file a petition for appeal in the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5A:6 ("No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal"); 28 U.S.C. § 2244(d)(1)(A). Evans' federal limitations period expired one year later, on March 8, 2007. Evans' present petition, filed September 1, 2009, is therefore untimely and should be dismissed

Furthermore, equitable tolling of the statute of limitations is inapplicable in this case, as it is "reserved for those rare instances where – due to circumstances external to the party's own conduct

3

– it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. at 418 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Evans asserts he is entitled to equitable tolling for a number of reasons. First, he argues he is entitled equitable tolling due to his lack of counsel in filing his habeas petition. However, there is no entitlement to counsel in federal habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). Second, Evans claims he is entitled to equitable tolling due to his low I.Q. and mental illness. Still, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 511-13 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998). Here, Evans has failed to even identify his mental deficit, let alone state how his disability prevented him from timely filing his petition. Third, Evans claims that he is entitled to equitable tolling because he cannot read or write. This assertion is plainly false. Evans testified at his plea hearing that he completed high school and could read and write. Therefore, Evans has failed to meet the two prong test required by *Pace* to obtain equitable tolling.

Evans was aware in 2006 when he filed his habeas petition in Circuit Court that his convictions had not been appealed. Despite this, Evans waited over two years to file his petition in the Supreme Court of Virginia raising this issue. During those two years, the period for filing a timely petition for a writ of habeas corpus in federal court expired. Therefore, the petition is barred

4

by the statute of limitations, and the Court will not address the merits of the claims. Additionally, Evans' Motion for a Copy of the § 2254 file, [Doc. No. 8], Motion for Leave of Court pursuant to Rule 6 (a), (b), & (c), [Doc. No. 16], and his Motion pursuant to Rule 8 (a), (b), & (c), [Doc. No. 17] are DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

January 14, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Leroy Antonio Evans #357283
Sussex I State Prison
24414 Musselwhite Dr
Waverly, VA 23890

Josephine Whalen, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

January 14, 2010