# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB 1 1 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

LEROY ANTONIO EVANS, #357283
Petitioner,

v.

ACTION NO. 2:09cv433

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges a violation of Petitioner's constitutional rights pertaining to his convictions for murder and use of a firearm in the commission of a murder on February 6, 2006, in the Circuit Court for the City of Norfolk, as a result of which he was sentenced to serve an active term of sixty-four years and one month in the Virginia penal system.

The petition was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for a Report and Recommendation. The Magistrate Judge's Report and Recommendation filed January 14, 2010, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On January 22, 2010, the Court received Petitioner's Objections to the Report and Recommendation.

Petitioner enumerates eight paragraphs in which he objects to the Magistrate Judge's Report

and Recommendation. Only in paragraph eight does the Petitioner address the fact that his claims are barred by the statute of limitations. There, he states that "Rule 9(a) of the Rules Governing section 2254 cases, state that the Respondent has the burden of showing prejudice, if the delay is not more than five years." [Objections to Mag. Findings and Recomm. at 4]. To begin, Petitioner's understanding of the law is misplaced. As of 2004 there is no longer a Rule 9(a). The Rule was "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions . . . ." FED. R. GOVERNING SEC. 2254 CASES 9 advisory committee's note. Furthermore, as 28 U.S.C.§2 244(d)(1) makes exceedingly clear:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . . 28 U.S.C.A. § 2244(d)(1) (2010).

Thus, the Petitioner was required to file his federal habeas petition by March 8, 2007, the date a year after his judgment became final, unless a reason for equitable tolling applied. In Petitioner's case, however, he did not file his federal petition until September 1, 2009, and none of the grounds asserted in his objections propel him past the two prong requirement of *Pace v. DiGuglielmo*. 544 U.S. 408, 418 (2005). That is to say, the Petitioner has failed to show that (1) he has been pursuing his rights diligently, or (2) that extraordinary circumstances stood in his way and, therefore, he is entitled to equitable tolling. *Id.* As a result, the Petitioner's petition for federal habeas review was untimely filed and may not be brought in this Court.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions

objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed January 14, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED as barred by the statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Jerome B. Friedman
~~United States District Judge~~
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

February 10, 2010